UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICKEY T. EXUM,

           Plaintiff,

    v.                                  Case No. 23-CV-721

KILOLO KIJAKAZI,
**Acting Commissioner of Social Security**

           Defendant.

---

## DECISION AND ORDER

---

On June 6, 2023, *pro se* plaintiff Mickey T. Exum filed a social security complaint against the defendant, the acting Commissioner of the Social Security Administration, using the standard form. (ECF No. 1.) In the complaint Exum seeks judicial review of the amount of the monthly benefits he receives. (ECF No. 1 at 3.) On June 14, 2023, the case was reassigned to this court upon the parties' consent. (ECF No. 6.) On July 10, 2023, the Commissioner of Social Security filed a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) based on Exum's failure to exhaust his administrative remedies. (ECF No. 9 at 1.)

The Commissioner attached to her motion a declaration of Christianne Voegele, the Chief of Court Case Preparation and Review Branch I of the Office of Appellate Relations at the Social Security Administration. (ECF No. 9-1.) Ms. Voegele's declaration states that as of July 8, 2023, the date of the declaration, there was no indication of a decision from an Administrative Law Judge (ALJ), nor a request for review before the Appeals Council relating to Exum under Title II or VXI of the Social Security Act—closed, pending, or otherwise. (ECF No. 9-1 at 2-3.)

Exum did not respond to the motion.

The Social Security Act creates a right to seek review of a final agency decision, allowing federal district courts to review "any final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g); *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976) ("On its face § 405(g) thus bars judicial review of any denial of a claim of disability benefits until after a 'final decision' by the Secretary after a 'hearing.'"). The Commissioner filed her motion under Rule 12(b)(1), arguing that, absent a final decision as set forth in § 405(g), the court lacks subject matter jurisdiction to entertain Exum's claim.

Section 405(g) "contains two separate elements: first, a jurisdictional requirement that claims be presented to the agency, and second, a waivable requirement that the administrative remedies prescribed by the Secretary be exhausted." *Smith v. Berryhill*, 139 S. Ct. 1765, 1773 (2019). With respect to the requirement that administrative

remedies be exhausted, the claimant must proceed through a four-step administrative process:

> First, the claimant must seek an initial determination as to his eligibility. Second, the claimant must seek reconsideration of the initial determination. Third, the claimant must request a hearing, which is conducted by an ALJ. Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council. *See* 20 CFR § 416.1400. If a claimant has proceeded through all four steps on the merits, all agree, § 405(g) entitles him to judicial review in federal district court.

*Smith*, 139 S. Ct. 1765, 1772. The element of administrative exhaustion may be waived by the agency or the courts. *Id.* at 1773-74.

The Commissioner has not waived the requirement that Exum exhaust his administrative remedies, and it is on that basis that she brings her motion to dismiss. But the exhaustion requirement is not jurisdictional, and so the motion is improperly raised under Rule 12(b)(1). Instead, the court will construe the motion for dismissal as one made pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See Holmes v. Soc. Sec. Admin.*, No. 122CV01080JESJEH, at *2, 2022 WL 2080336 (C.D. Ill. Apr. 14, 2022), *report and recommendation adopted*, No. 22-CV-1080-JES-JEH, 2022 WL 1405715 (C.D. Ill. May 4, 2022) (construing a motion to dismiss for failure to exhaust administrative remedies made pursuant to Rule 12(b)(1) as one made pursuant to Rule 12(b)(6)).

To survive a motion to dismiss under Rule 12(b)(6) a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. The court accepts "all well-pleaded facts as true and constru[es] all inferences in favor of the plaintiffs." *Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 274 (7th Cir. 2014).

The Commissioner has asked the court to look not only to Exum's complaint in deciding the motion to dismiss but also to Voegele's declaration attached to the motion. Ordinarily, when a motion to dismiss made pursuant to Rule 12(b)(6) relies on matters outside the pleadings the court must treat the motion as one for summary judgment under Rule 56 and give the parties a reasonable opportunity to present material that is pertinent to the motion. Fed. R. Civ. P. 12(d). However, it is well-established that "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. Such documents may be considered by a district court in ruling on the motion to dismiss." *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994).

Voegele's declaration falls under this exception to Rule 12(d). Exum filed a complaint using the standard form for *pro se* social security complaints requesting review of a final decision by the Commissioner of the Social Security Administration.

4

Section III-B of the complaint, which states that the plaintiff "seeks review of an unfavorable final decision of the Commissioner of the Social Security Administration…", requires the plaintiff to identify the dates of both the ALJ's decision and the Appeal's Council's notice or determination, with instructions to attach copies of those documents. Exum left these sections blank (ECF No. 1 at 3) and did not attach any copies. And in the section that immediately follows, in which he is instructed to state any additional facts that may explain why he is entitled to relief, Exum wrote: "[t]he plaintiff Mickey Exum monthly benefits shall be reviewed by the court which is being disputed by the plaintiff. The plaintiff amount is incorrect. The plaintiff work 30 year which is being disputed." (ECF No. 1 at 3.)

Voegele's declaration simply explains why Exum did not attach to his complaint a decision from an ALJ or a determination from an Appeals Counsel: there are none. Because the declaration concerns proceedings that are both referred to in and central to Exum's complaint, the court may consider it without converting the motion to dismiss into one for summary judgment. *See Ujoh v. Potter*, No. 09-CV-343-JPG, 2009 WL 4800207 (S.D. Ill. Dec. 10, 2009) (considering extrinsic documents including an Equal Opportunity Employer complaint filed by the plaintiff and correspondence related to the complaint on a motion to dismiss for failure to exhaust administrative remedies).

The fact that Exum left the prompts referring to the dates of the relevant ALJ and Appeals Council determinations in section III-B of the complaint blank and did not

5

attach copies of either decision to the complaint suggests that there are no decisions by an ALJ or the Appeals Council. Voegele's declaration confirms that fact. (ECF No. 9-1 at 2.) Exum has not plead factual content showing that his administrative remedies have been exhausted. Voegele's declaration further demonstrates that Exum has failed to exhaust his administrative remedies. Because there is no final decision for this court to review, the case must be dismissed.

**IT IS THEREFORE ORDERED** that the Commissioner's motion to dismiss (ECF No. 9) is **granted.** Accordingly, case number 23-cv-721 is **dismissed without prejudice**. The Clerk shall enter judgment accordingly.

---

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment (60 days if one of the parties is, for example, the United States, a United States agency, or a United States officer or employee sued in an official capacity). *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

---

Dated at Milwaukee, Wisconsin this 5th day of September, 2023.

WILLIAM E. DUFFIN
U.S. Magistrate Judge